**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DOUGLAS K. FOREMAN, SR.,**

    **Plaintiff,**

v.                                                           **CASE NO. 6:09-cv-1041-Orl-35DAB**

**ROBERT J. RUSH, et al.,**

    **Defendants.**

## ORDER

Petitioner initiated this action pursuant to 42 U.S.C. § 1983 (Doc. No. 17). This case is before the Court on Defendant Pamela P. Carbiener's Motion to Dismiss the Second Amended Complaint, or in the alternative, for More Definite Statement (Doc. No. 26).[1] Plaintiff filed a response in opposition to the motion to dismiss (Doc. No. 28).

Defendant Carbiener argues that the second amended complaint should be dismissed as to her because the action was initiated after the statute of limitations expired. In support of her motion, Defendant asserts *inter alia* that "the statute of limitations in this case ran at the very latest on June 14, 2009 (Four years after the criminal charges against Plaintiff were dropped)." (Doc. No. 26 at 3.) As such, Defendant contends that Plaintiff's complaint filed on June 17, 2009, was filed outside of the four-year limitations period. *Id*.

---

[1]Since the filing of the motion to dismiss, Plaintiff has filed a Third Amended Complaint. However, the Court will consider the merits of Defendant Carbiener's motion because the issue of whether the action was initiated within the applicable time limitation is relevant even considering the Third Amended Complaint.

"Florida's four-year statute of limitations applies to such claims of deprivation of rights" pursuant to 42 U.S.C. § 1983. *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003). "A cause of action under these sections will not accrue, and thereby set the limitations clock running, until the plaintiffs know or should know (1) that they have suffered the injury that forms the basis of their complaint and (2) who has inflicted the injury." *Id*.

As an initial matter, the Court notes that Plaintiff is a prisoner of the State of Florida proceeding *pro se*. The instant action, therefore, was initiated on June 15, 2009, when Plaintiff delivered the complaint to prison officials for mailing. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (inmate's § 2255 motion is deemed filed when delivered to prison officials for mailing and, absent evidence to the contrary, this is assumed to be the day the inmate signed the document). Thus, assuming that the triggering date for the statute of limitations was June 14, 2005, then the instant action was timely filed.[2]

However, Defendant Carbiener further contends that the statute of limitations began to run before June 14, 2005, and the second amended complaint does not contain sufficient allegations regarding the claim against her to allow her to determine whether the action was initiated within the four-year limitation period. Upon review of the second and third amended complaints, the Court agrees with Defendant Carbiener's contention.

The third amended complaint generally states that (1) Defendant Deel was examined at the Halifax Medical Center on August 24, 2004, (2) Plaintiff was arrested on

---

[2]Defendant Carbiener concedes that June 15, 2009, was the final date on which Petitioner could have timely filed the instant action if the triggering date was June 14, 2005, because June 14, 2009, was a Sunday.

August 25, 2004, on charges of capital sexual battery, kidnaping, and witness tampering, (3) the State Attorney filed a three count information against Plaintiff on September 17, 2004, (4) Defendant Dr. Carbiener is the head of the rape crisis team, and she failed to prevent Defendant Williams[3] from fabricating medical reports and failed to correct Defendant Williams' wrongful conduct, and (5) the charges were dropped against him on June 15, 2005. (Doc. No. 29 at 18, 20-22, 29, 32, 36-37.) The complaint does not contain specific allegations regarding the dates concerning the claim against Defendant Carbiener or against some of the other defendants.[4] Additionally, Plaintiff does not indicate what constitutional provision the individual Defendants have violated. Accordingly, the Court will grant Defendant Carbiener's motion for more definite statement and will deny her motion to dismiss. Plaintiff will be required to submit a **FOURTH AMENDED COMPLAINT.**

In amending, Plaintiff must name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place his full name in the style of the case on the first page of the civil rights complaint form. Further, Plaintiff should write his full name and address in the appropriate sections on pages one and six (and

---

[3]Defendant Williams is identified as the individual who interviewed and examined Defendant Deel on August 24, 2004, at the Children's Advocacy Center. (Doc. No. 29 at 13.)

[4]To date, Defendant Carbiener is the only defendant who has been served. Plaintiff has submitted service forms to the Court so that service may be effectuated upon the remaining Defendants. The Court has not yet directed service on the remaining Defendants because the issue raised in the instant motion impacts whether the case may proceed and because the Court is required, pursuant to 28 U.S.C. § 1915(e)(2)(B), to determine whether Plaintiff's complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. As such, upon the filing of the Fourth Amended Complaint, the Court will determine whether the complaint states a claim on which relief may be granted. If the Court so determines, then at that time, the Court will direct service upon the remaining Defendants.

seven, if necessary) of the civil rights complaint form and provide the full name and current address for each Defendant. Plaintiff must state what rights under the Constitution, laws, or treaties of the United States have been violated in the section entitled "Statement of Claim." It is improper for Plaintiff merely to list constitutional rights or federal rights. Plaintiff must provide support in the statement of facts for the claimed violations.

Further, Plaintiff should clearly describe <u>how</u> <u>each</u> <u>named</u> <u>defendant</u> is involved in the alleged constitutional violation(s) in the body of the complaint in the section entitled "Statement of Facts." Plaintiff should note that, in civil rights cases, more than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. *Fullman v. Graddick*, 739 F.2d 553, 556-7 (11th Cir. 1984); *Baskin v. Parker*, 602 F.2d 1205, 1208 (5th Cir. 1979). Although personal participation is not specifically required for liability under section 1983, there must be some causal connection between the defendant named and the injury allegedly sustained. *Sims v. Adams*, 537 F.2d 829 (5th Cir. 1976). One cannot be held liable for the actions and/or omissions of others, but can only be held responsible if he participated in the deprivation of Plaintiff's constitutional rights(s) or directed such action and/or omission that resulted in such deprivation. Finally, Plaintiff must show specifically how he has been damaged (how he was harmed or injured by the actions and/or omissions of the defendant(s)).

Most importantly, if Plaintiff intends to allege a <u>number</u> of <u>related</u> claims, then he must set forth each claim in a separate paragraph in the same complaint.

Finally, Plaintiff should not include argument in his amended complaint. Citations to case law are not appropriate in the complaint, but rather may be included at the time of trial or in a motion for summary judgment.

To amend his complaint, Plaintiff should complete a new civil rights complaint form, marking it **Fourth Amended Complaint**. The amended complaint must include all of Plaintiff's claims in this action; it should not refer back to the prior complaints. After completing the new form, Plaintiff should mail it to the Court with a <u>copy for each defendant</u>.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Carbiener's Motion for More Definite Statement (Doc. No. 26) is **GRANTED** and the Motion to Dismiss (Doc. No. 26) is **DENIED**.

2. Plaintiff shall file a Fourth Amended Complaint as described above within **Twenty One (21) days** from the date of this Order. Plaintiff is advised that failure to fully comply with this Order may result in the dismissal of this action without further notice.

**DONE AND ORDERED** in Orlando, Florida, this 4th day of May 2010.

Copies to:
sc 5/4
Douglas K. Foreman, Sr.
Counsel of Record

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE